UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL MAJIED, | ) | 1:09CV0344 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE McHARGH |
| | ) | |
| CUYAHOGA COUNTY BD. OF COMM'RS, et al., | ) ) | |
| | ) | |
| Defendants | ) ) | MEMORANDUM AND ORDER |

McHARGH, MAG. J.

The plaintiff Michael Majied ("Majied") has filed suit in this court against defendants Cuyahoga County Board of Commissioners ("the County"), Kenneth J. Lusnia, Marita Kavalec, Joyce Ritchie, William Fromwiller, Sandy Spilker, Kristin Ziemnik (collectively, "the County defendants"); and SEIU District 1199.

According to the complaint, the County was being sued for ten counts of Unfair Labor Practices under 5 U.S.C. § 7116(a)(1), (4),(6),(8); one count of wrongful termination; ten counts of civil rights violations, under 18 U.S.C. § 242; ten counts of conspiracy ("e.g., unfair treatment"), under 18 U.S.C. § 241; two counts of defamation; and two counts of libel. (Doc. 1, complaint, at ¶¶ 1-2.)

The complaint further alleged that the individual defendants were all agents or employees of Majied's former employer, the Cuyahoga County Court of Common Pleas, Juvenile Court Division ("Juvenile Court"). Majied sued each individual

defendant for one count of Unfair Labor Practice, under 5 U.S.C. § 7116(a)(1), (4),(6),(8); one count of civil rights violation ("e.g., unfair treatment"), under 18 U.S.C. § 242; and one count of conspiracy, under 18 U.S.C. § 241. (Doc. 1, at ¶¶ 1, 3.)

Finally, SEIU District 1199 ("the union") was being sued for three counts of Unfair Labor Practices, under 5 U.S.C. § 7116(a)(1), (4),(6),(8); three counts of conspiracy, under 18 U.S.C. § 241; and three counts of civil rights violations ("e.g., unfair treatment"), under 18 U.S.C. § 242. (Doc. 1, at ¶¶ 1, 4.)

On June 10, 2009, the court dismissed many of the claims alleged in the complaint. The court noted that the following remained: "Mr. Majied's Section 301 of the Labor Management Relations Act claims of breach and tortious interference, as well as his state law claims shall proceed against the defendants." (Doc. 3, at 9.)

The County defendants have filed a motion for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c). (Doc. 33.) Majied has filed an opposition (doc. 35), and the County defendants have filed a reply (doc. 36).

Defendant SEIU District 1199 has filed a motion for summary judgment. (Doc. 37.) Majied has filed an opposition (doc. 38), and the union has filed a reply (doc. 39).

I.  MOTION FOR JUDGMENT ON THE PLEADINGS

The County defendants move for judgment on the pleadings, contending that the County is not an "employer" which can be liable for a violation of Section 301 of the Labor Management Relations Act ("LMRA").  (Doc. 33.)

In ruling on a motion for judgment on the pleadings under Rule 12(c), the court considers all factual allegations of the complaint as true.  Lindsay v. Yates, 498 F.3d 434, 438 (6th Cir. 2007); McKamey v. Roach, 55 F.3d 1236, 1237 (6th Cir. 1995); United States v. Moriarty, 8 F.3d 329, 332 (6th Cir. 1993).  Where a Rule 12(c) motion raises what is essentially a Rule 12(b)(6) defense by challenging the legal basis of the complaint, the analytical framework for the motion for judgment on the pleadings mirrors that used under Rule 12(b)(6).  Amersbach v. City of Cleveland, 598 F.2d 1033, 1038 (6th Cir. 1979).

Here, the County defendants point out that a State, or any of its political subdivisions, is not considered an "employer" which is subject to the LMRA.  (Doc. 33, at 3-5.)  The Act "leaves States free to regulate their labor relationships with their public employees."  Davenport v. Washington Educ. Ass'n, 551 U.S. 177, 181 (2007) (citing 29 U.S.C. § 152(2)).

Federal law governs the determination of whether an entity is a "political subdivision" of the state, and therefore exempt from "employer" status under the LMRA.  Moir v. Greater Cleveland Regional Transit Auth., 895 F.2d 266, 271 (6th

Cir. 1990) (citing NLRB v. Natural Gas Utility Dist. of Hawkins County, Tenn., 402 U.S. 600, 603 (1971)).  The political subdivision exemption is limited to "entities that are either (1) created directly by the state, so as to constitute departments or administrative arms of the government, or (2) administered by individuals who are responsible to public officials or to the general electorate."  Moir, 895 F.2d at 271 (quoting Natural Gas, 402 U.S. at 604-605).  A county, of course, is a classic political subdivision.  See Ohio Rev. Code § 2744.01(F).  See generally Ohio Const., Art. 10, § 1; Ohio Rev. Code § 301.22.

In this case, Majied's former employer, the Cuyahoga County Court of Common Pleas, Juvenile Court Division, meets both elements.  The juvenile court was created directly by state statute.  Ohio Rev. Code §§ 2153.01, 2301.01.  The juvenile court consists of judges directly elected by voters of the county.  Ohio Rev. Code §§ 2153.02, 2153.03, 2301.01.

The administrative judge of the juvenile court also serves as the clerk of court, and among the other duties, appoints and employs deputies, clerks, and other assistants for the court.  "Any such appointee may be dismissed by the administrative judge."  Ohio Rev. Code §§ 2153.08, 2153.03.

The court finds that the County, and the Juvenile Court, are political subdivisions of the State of Ohio, and cannot be considered an "employer" subject to Section 301 of the Labor Management Relations Act.  Thus, the County is entitled

4

to judgment as a matter of law on the complaint's unfair labor practices charges, and the motion is granted as to those claims.

The County defendants urge the court to decline to exercise its supplemental jurisdiction over the remaining state law claims (wrongful termination, defamation, and libel), because no federal claims remain.  (Doc. 33, at 6 n.4.)

## II.  SUMMARY JUDGMENT

Defendant SEIU District 1199 has filed a motion for summary judgment. (Doc. 37.)  Summary judgment is appropriate where the entire record "shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Non-moving parties may rest neither upon the mere allegations of their pleadings nor upon general allegations that issues of fact may exist.  See Bryant v. Commonwealth of Kentucky, 490 F.2d 1273, 1275 (6th Cir. 1974).  The Supreme Court has held that:

> . . . Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The evidence need not be in a form admissible at trial in order to avoid summary judgment, but Rule 56(e) requires the opposing party:

> to go beyond the pleadings and by [his] own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."

5

Id. at 324.

The Sixth Circuit in Street v. J.C. Bradford & Co., 886 F.2d 1472 (6th Cir. 1989), has interpreted Celotex and two related cases, Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986), and Matsushita Electric Industrial Co., Ltd. v. Zenith Radio, 475 U.S. 574 (1986), as establishing a "new era" of favorable regard for summary judgment motions. Street points out that the movant has the initial burden of showing "the absence of a genuine issue of material fact" as to an essential element of the non-movant's case. This burden may be met by pointing out to the court that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case. Street, 886 F.2d at 1479.

The respondent cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must "present affirmative evidence in order to defeat a properly supported motion for summary judgment." Id. In ruling on a motion for summary judgment, the court must construe the evidence, as well as any inferences to be drawn from it, in the light most favorable to the party opposing the motion. Kraus v. Sobel Corrugated Containers, Inc., 915 F.2d 227, 229 (6th Cir. 1990).

The union's motion for summary judgment relies on a similar argument to the County defendants. The union maintains that, to recover under Section 301 of the LMRA, Majied must prove both: 1) that the employer breached the collective

bargaining agreement, and 2) that the union breached its duty of fair representation to him. (Doc. 37, at 4, citing Garrish v. International Union UAW, 417 F.3d 590, 594 (6th Cir. 2005), cert. denied, 546 U.S. 1094 (2006).) Because the Juvenile Court is not an employer subject to the LMRA, the court should grant summary judgment to the union. (Doc. 37, at 4.)

The union cites Garrish correctly, in which the Sixth Circuit held that, if both prongs are not satisfied, the plaintiff cannot succeed against any defendant. Garrish, 417 F.3d at 594.

A federal court has no subject matter jurisdiction under Section 301 of the LMRA over the claims of a plaintiff employed by a political subdivision. Chaparro-Febus v. International Longshoremen Ass'n, Local 1575, 983 F.2d 325, 330 (1st Cir. 1992); City of Saginaw v. Service Employees Int'l Union, Local 446-M, 720 F.2d 459, 462 (6th Cir. 1983); Ayres v. International Bhd. of Elec. Workers, 666 F.2d 441, 444 (9th Cir. 1982); Storlazzi v. Bakey, 894 F.Supp. 494, 506 (D. Mass. 1995), aff'd, 68 F.3d 455 (1st Cir. 1995). Because Majied was employed by a "political subdivision" within the meaning of 29 U.S.C. § 152, his LMRA claims are exempted from this court's jurisdiction. Storlazzi, 894 F.Supp. at 506; see generally doc. 37, DX A, Lusnia aff.

Majied has failed to demonstrate a genuine issue of material fact on his employer's status as a political subdivision. See generally doc. 38. Thus, the SEIU's motion for summary judgment (doc. 37) is granted on the LMRA claims.

The union also argues that the court should not exercise its supplemental jurisdiction over the remaining state law claims, because no federal claims remain. (Doc. 37, at 7.)

### III. STATE LAW CLAIMS

The remaining claims (wrongful termination, defamation, and libel) are based on state law. Since the remaining federal cause of action should be dismissed, the state causes of action are dismissed for lack of jurisdiction. United Mine Workers of America v. Gibbs, 383 U.S. 715 (1966).

### IV. MOTION FOR SUBPOENAS

Majied has also filed a discovery motion for subpoenas and notice of disclosures. (Doc. 40.) In light of the other rulings in this Order, that motion is denied as moot.

### V. SUMMARY

Majied's former employer, the Cuyahoga County Court of Common Pleas, Juvenile Court Division, is a political subdivision which is not a covered "employer" subject to the LMRA. Therefore, the County defendants' motion for judgment on the pleadings (doc. 33), and the union's motion for summary judgment (doc. 37) are

both GRANTED on the remaining federal (LMRA) claims. The state claims are dismissed for lack of jurisdiction.

Majied's motion for discovery (doc. 40) is DENIED as moot.

IT IS SO ORDERED.

Dated:  Dec. 21, 2009             /s/ Kenneth S. McHargh
                                                           Kenneth S. McHargh
                                                           United States Magistrate Judge